# LINSDEY *v.* PENNSYLVANIA RAILROAD COMPANY.*

PRACTICE; BILL OF EXCEPTIONS; NOTICE; WAIVER.

1. While a justice of the lower court may refuse to accept and consider a bill of exceptions presented to him on the last day on which, under the rules of that court, it may be presented, because of the failure of the party presenting it to give his adversary eight days' notice of intention to submit, as required by rule 55 of that court, yet, if the justice does receive it, knowing that no such notice has been given, and afterwards approves and signs it, this court will not, after the case has been brought here on appeal, on motion of the appellee, strike the bill of exceptions from the record, and affirm the judgment appealed from.

2. The requirement of rule 55 of the Supreme Court of the District of Columbia, that counsel preparing a bill of exceptions shall give his adversary eight days' notice before submitting it to the court for settlement, is not mandatory, but is directory merely, and is intended chiefly for the benefit of the justice whose duty it is to settle the bill of exceptions; and it is within his power to waive the requirement and settle the bill of exceptions, although no such notice has been given.

No. 1573. Submitted October 10, 1905. Decided October 13, 1905.

HEARING on a motion by the appellee to strike a bill of exceptions from the record and to affirm the judgment of the lower court. *Denied.*

---

*See *Lindsey* v. *Penna. R. R. Co. post, 503.*

The facts are sufficiently stated in the opinion.

*Mr. Frederick D. McKenney* and *Mr. John S. Flannery* for the motion.

*Mr. Burton T. Doyle* and *Mr. J. Altheus Johnson* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

A motion has been made by the appellee to strike the bill of exceptions from the record in this case, and to affirm the judgment.

It appears from the record that the trial of the case was begun on March 27, 1905, and that a verdict for the defendant was returned on March 28, on which judgment was thereafter entered. On April 3, 1905, the justice presiding on the trial entered an order prolonging the term for thirty-eight days to settle the plaintiff's bill of exceptions. On May 17, 1905, the last day of said period, Sundays being excluded, the plaintiff submitted his bill of exceptions to said justice. On the evening of the same day counsel for plaintiff delivered a copy of the bill of exceptions to the counsel for the defendant, and notified them that it had been that day submitted to said justice. They were also notified that, if there was any part of the bill of exceptions concerning which they could not agree, they would be notified of the time at which the justice would be asked to settle the same. It appears from the certificate of the justice that the matter was held up by him until June 17, 1905, when defendant's counsel appeared and objected to the settlement of the bill of exceptions because notice had not been given to them prior to the submission as required by the rules of the supreme court of the District of Columbia. But the justice, noting an exception to his action, signed the bill of exceptions on June 17, 1905, as of May 17th, the day of its submission.

The various exceptions taken in the progress of the trial were noted as required by section 1 of rule 54 of the supreme

court of the District of Columbia, and the extension of the period for settling the bill for thirty-eight days, exclusive of Sundays, was ordered in accordance with section 2 thereof.

The objection to the bill of exceptions is founded upon the failure to give the notice provided for in rule 55, so much of which as is pertinent reads as follows: "55. Every bill of exceptions shall be prepared by the counsel of the party tendering it, and submitted to the counsel on the other side; and, where a bill of exceptions is not settled before the jury retires, the counsel tendering it shall give notice in writing to the opposing counsel of the time at which it is proposed the bill of exceptions shall be settled, and shall also, at least eight days, exclusive of Sundays, before the time designated in such notice, submit to the opposing counsel the bill of exceptions so proposed to be settled, and the said exceptions shall be presented to the court within thirty-eight days, exclusive of Sundays, after judgment shall have been entered therein, unless the trial justice shall, for good cause shown, extend the time for the presentation thereof; and, if the counsel cannot agree, it shall be settled by the justice who presided at the trial; and in that case the justice shall be attended by the counsel on both sides, as he may direct."

It is important that bills of exception should be settled speedily after the trial, and the apparent purpose of the notice of the time for settling the same is that opposing counsel may have reasonable time for its examination and for agreement if found correct, thereby saving the trial justice all unnecessary labor.

· It may well be that the justice could, under the rule, have refused to accept and consider the bill of exceptions, when presented on the last day, because of the omission of the party to give the notice required. But the question is not before us in that aspect, for he did receive it, knowing that no notice had been given, and afterwards approved and signed it. That he could hold it for consideration, when presented in compliance with the rules, and then order it filed as of the date of submission, there can be no doubt. He evidently considered the requirement of notice not mandatory, but directory merely, and as intended

chiefly, if not entirely, for the benefit of the justice whose duty it may be to settle the bill of exceptions, and, taking that view, saw proper to waive the requirement as to notice, and give the party the benefit of the appeal that had been in other respects perfected.

The presiding justice was a member of the court whose rule is under consideration. No injury has resulted from his interpretation of it, and we are not prepared to say that it was erroneous.

The motion will be overruled with costs; and it is so ordered.

*Overruled.*