## RITZ CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY v. GILLESPIE et al.

(Circuit Court of Appeals, Third Circuit. September 30, 1924.)

No. 3078.

1. Appeal and error ⨷248, 501(1) — Assignments of error must be based on exceptions taken at the trial and embodied in a bill of exceptions duly allowed.

Assignments of error must be based on exceptions taken to rulings at the trial, embodied in a bill of exceptions, and presented to the judge for allowance at the same term, or within a further time allowed by order entered at that term or by a standing rule of court.

2. Exceptions, bill of ⨷43(1)—Must be allowed at term or within time extended.

When the term of court has expired, and any further time allowed by the judge or rule of court for the filing of a bill of exceptions, the court's control over the case is lost, and it has no authority to allow a bill of exceptions then presented for the first time, or to alter a bill of exceptions already allowed and filed.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Action at law by John F. Gillespie and Pauline Gillespie against the Ritz Carlton Restaurant & Hotel Company of Atlantic City. Judgment for plaintiffs, and defendant brings error. Affirmed.

Frank G. Turner, of Jersey City, N. J., for plaintiff in error.

Allen S. Morgan, of Philadelphia, Pa., and Maja Leon Berry, of Toms River, N. J., for defendants in error.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

DAVIS, Circuit Judge. On March 4, 1922, John F. Gillespie and Pauline Gilles-

pie, of Philadelphia, went to Atlantic City, N. J., and stopped at the Ritz Carlton Hotel, where they registered as husband and wife. They remained there overnight, and intended to leave for Philadelphia the following afternoon, which was Sunday. They were assigned to room No. 1532, which has a private bathroom. They occupied the room that day and night, and the next day, shortly after 4 o'clock, Mr. Gillespie shaved, took a bath, and as he was about to leave the bathroom he struck a match, lighted a cigarette, and, evidently for the purpose of putting out the match, threw it toward the toilet bowl, which contained the usual amount of water. The match struck the toilet seat, which, according to the testimony, immediately burst into flames. Mrs. Gillespie had just entered the room. The door in some way closed, and it, or the lock, became stuck so that they could not get out, and Mr. Gillespie, who had on only his underwear, was seriously burned, and Mrs. Gillespie, who was fully clothed, was burned, but not so badly as he. It appears that the toilet seats throughout the hotel were composed of a material known as "aolnue," which is made of an inflammable celluloid composition. On December 27, 1921, about 10 weeks prior to this accident, the toilet seat in room No. 934 became so hot from an electric heater, used to heat the bathroom properly, that it burst into flames and caused a serious explosion, which blew out one side of the bathroom.

Complainants charged in this suit that the defendant, as owner, keeper, and manager of the hotel, wrongfully and negligently installed and maintained, with knowledge of their dangerous character, highly inflammable lavatory seats and toilet fixtures in the bathrooms in the hotel; that while they were occupying the room in question as guests, without knowledge of the inflammable character of the lavatory seats and toilet fixtures, the seat in their bathroom "became ignited and burst into explosive or violent combustion, and burned with an instantaneous and fierce heat, which caused them to be imprisoned and confined in said bathroom in the midst of said fire and flames, which fire and flames were communicated to other inflammable materials in said room, causing a general conflagration therein," and that as a result of the fire they suffered and sustained serious and grievous burns and wounds on and about their heads, faces, necks, arms, legs, and body generally.

The case was tried to the court and jury, which returned a verdict of $5,000 in favor of John F. Gillespie, and $2,500 in favor of Pauline Gillespie. The defendant company has brought the case here on a writ of error based upon 72 assignments, all of which are discussed at length seriatim, without in any way being grouped under principles of law or relations of fact.

[1, 2] It does not appear that a bill of exceptions in this case was filed by defendant within the term in which this case was tried nor at any time since. Assignments of error must be based on exceptions taken to rulings at the trial. Otherwise there is nothing on which to base the assignment. By a uniform course of decision, no exceptions to rulings at a trial may be considered, unless they were taken at the trial, and were also embodied in a formal bill of exceptions and presented to the judge for allowance at the same term, or within a further time allowed by order entered at that term or by a standing rule of court. When the term of court has expired, and any further time allowed by the judge or rule of court for the filing of a bill of exceptions, the court's control over the case is lost, and it has no authority to allow a bill of exceptions then presented for the first time, or to alter a bill of exceptions already allowed and filed. Wyss-Thalman v. Maryland Casualty Co. of Baltimore, 193 Fed. 53, 113 C. C. A. 383; Blisse v. United States (C. C. A.) 263 Fed. 961; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; O'Connell v. United States, 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827; Exporters, etc., v. Butterworth-Judson Co., 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. 663. By reason of the failure to file a bill of exceptions in this case, the court lost jurisdiction, and, even though obtained, "consent of parties cannot give jurisdiction to courts of the United States." Exporters, etc., v. Butterworth-Judson Co., supra.

Logically and legally this opinion should end here, but, to see if this would result in injustice, we have carefully examined all the assignments, and without regard to the failure to file a bill of exceptions, we are of opinion that error was not committed at the trial.

The judgment is affirmed.