## UNITED STATES v. KONSTOVICH.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

No. 2535.

1. **Exceptions, bill of** ⬤⟶43(1)—Court cannot approve bill of exceptions after expiration of term and of time allowed for filing thereof.

Court has no power to approve bill of exceptions after expiration of term at which judgment was rendered and of time thereafter allowed for filing bill of exceptions.

2. **Appeal and error** ⬤⟶555—Assignments of error to sufficiency of evidence and rulings on instructions cannot be considered, where bill of exceptions is stricken from record.

Where bill of exceptions is stricken from record, assignments of error relating to sufficiency of evidence and to ruling on instructions cannot be considered by Circuit Court of Appeals.

3. **Army and navy** ⬤⟶51½, New, vol. 12A Key-No. Series—Judgment for unpaid installments of war risk insurance properly allowed 5 per cent. attorney's fees on each installment collected; "recovery."

Court had power to include in judgment for plaintiff, suing for unpaid installments of war risk insurance, allowance of 5 per cent. attorney's fees on amount for which judgment was rendered, payable on each installment received by plaintiff; "recovery," within statute, meaning amount ultimately received by plaintiff under judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Recover—Recovery.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action by Kathleen Konstovich against the United States. Judgment for plaintiff, and defendant brings error. Affirmed.

L. S. Parsons, Sp. Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

James G. Martin, of Norfolk, Va. (Ernest S. Merrill, of Norfolk, Va., on the brief), for defendant in error.

Before ROSE and PARKER, Circuit Judges, and WATKINS, District Judge.

ROSE, Circuit Judge. [1] The defendant in error was plaintiff below. She sued the United States to recover unpaid installments of war risk insurance on the life of her deceased husband. During the November term, 1925, a jury trial resulted in a verdict for her upon which on the 9th of March 1926, judgment was entered that she recover $3,277.50, the amount of the installments unpaid up to the time of the trial, that the insurance be reinstated, that her counsel be allowed an attorney's fee of 5 per cent. on such $3,277.50, to be paid out of the money the plaintiff should receive under the judgment, and 5 per cent. on each installment she should thereafter collect. It was further provided that the defendant should be allowed 60 days in which to file its bill of exceptions; that is, it was given until the 8th of May, a day which fell within the succeeding or May term of the court. In point of fact no draft of the bill of exceptions was presented to the judge until June 9th. It was then allowed and signed by him nunc pro tunc. The plaintiff objects that it was not signed in time, and we may not therefore consider it.

The term at which the trial had taken place expired on the first Monday of May and the time given by the order of March 9th, a few days later. Under these circumstances, the court had no power to approve the bill. Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co.; 258 U.

S. 365, 42 S. Ct. 331, 66 L. Ed. 663, and our own decision in Goetzinger and Stave & Timber Corp. v. Woodley, 17 F.(2d) 83, handed down simultaneously herewith. That the order of approval recited that it was made nunc pro tunc was immaterial. In Twohy Bros. v. Kennedy, 295 F. 462, the Circuit Court of Appeals for the Ninth Circuit expressly based its decision upon the ground that it did not appear that the trial term had expired at the time the nunc pro tunc order was actually signed. Apparently it had not. Act of Oct. 3, 1913, c. 17, §§ 1, 2, 38 Stat. 203 (Comp. St. §§ 1054, 1055). In the instant case it had. In the absence of a rule to the contrary, a bill of exceptions may be allowed at any time within the term at which the trial was had, or during any time to which by general or special rule or order the term or the time for signing the bill of exceptions has been extended and for such further time as during the existence of any such extension the court may order, but after the term has ended, and the time specified in the last extension has expired, the court is without power to act.

[2] If the bill of exceptions be stricken from the record, as it must be, it carries with it the first seven assignments of error relating as they do to the sufficiency of evidence and to the propriety of the action of the court in granting or refusing instructions based thereon.

We are, however, required to consider the eighth assignment, as it attacks the character of the judgment entered upon grounds which do not require the support of a bill of exceptions. This assignment raises two questions. First, it says that it was error to adjudge that the insurance should be reinstated. We understand that this contention is based on the asserted fact that such insurance has never been canceled. It is certain that for a number of years the government paid the plaintiff nothing under it. The judgment below will be sufficiently complied with if the government makes the payments for which the insurance provides.

[3] The other portion of the assignment raises another question. The government says that the court below had no right to adjudge that the attorneys for the plaintiff shall receive 5 per cent. on each installment the plaintiff hereafter shall collect from such insurance. The argument is that as the statute provides that "the court as part of its judgment shall determine and allow" "reasonable attorney's fees, not to exceed 5 per cent. of the amount recovered, to be paid by the claimant in behalf of whom such proceedings were instituted to his attorney," and, as the amount recovered was only the unpaid installments, the power of the court was exhausted when it awarded an attorney's fee of 5 per cent. on the $3,277.50 for which the judgment was entered. Such contention would be very persuasive, were it not that the statute proceeds to declare that such fee is "to be paid out of the payments to be made to the beneficiary under the judgment rendered at a rate not exceeding one-tenth of each of such payments until paid."

We think it clear that this last language shows that "recovery," as Congress used the word, means the amount which the claimant may ultimately receive under or in consequence of the judgment.

Affirmed.