## HARRIS et al. v. UNITED STATES.

### No. 3563.

Circuit Court of Appeals, Fourth Circuit.

May 2, 1934.

R. H. McNeill, of Washington, D. C. (McNeill & McNeill, of Washington, D. C., and J. E. Carpenter, of Maxton, N. C., on the brief), for appellants.

W. H. Fisher, U. S. Atty., of·Clinton, N. C.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

WILLIAM C. COLEMAN, District Judge.

This appeal arises out of a suit upon a war risk insurance policy, the appellants being the representatives of the beneficiary under the policy, now deceased.

After· submission of all of the evidence, both the government and the plaintiffs (appellants) moved for directed verdicts, and after considering both motions, the court directed a verdict in favor of the government, answering the three issues, which had been submitted as follows:

"I. Was Solomon McNeill, the decedent, permanently and totally disabled within the meaning of the War Risk term insurance contract on July 31st, 1919 [presumably intended to be the date of decedent's discharge from service, although the date appears elsewhere in the record to have been July 28th, 1919]? Answer: Yes.

"II. Is the claim of plaintiffs barred by the statute of limitations pleaded in this case, which is set out in section 445, Title 38, U. S. Code? Answer: Yes.

"III. What amount are plaintiffs entitled to recover of defendant? Answer: Nothing."

The term of court at which the case was tried would have expired on March 23,·1933, but on that date the trial judge, at the request of plaintiffs, as a result of their representations that an appeal was contemplated, signed an order extending the term of court for one hundred and twenty days from that date, that is, until July 21st, "for the purpose of settling and signing bill of exceptions in any of the cases tried at this term of court in which an appeal may be taken to the Circuit Court of Appeals." Judgment in favor of the government was entered on May 18, 1933. Thereafter, on August 11, 1933, the trial judge signed a further order extending the term for sixty days more, presumably not realizing that the original one hundred and twenty days' extension had already expired. Then, on September 19, 1933, a bill of exceptions was presented to the trial judge for his approval, but he refused to sign it on the ground that the term of court at which the case had been tried had expired on July 21, 1933, that is, before the second order of August 11, 1933, purporting to extend it, had been signed; that, therefore, this latter order was null and void; and that he was without power to sign the bill of exceptions. The record does not disclose that there was any rule of the District Court providing for extension of terms.

There are three assignments of error, two relating generally to the directed verdict in favor of the government, and the third alleging that the trial court erred in sustaining the plea of limitations.

The government contends that this court is without authority. to consider the present appeal for the reason that the bill of exceptions was not approved and signed by the trial judge, and that, furthermore, his action in refusing to do so was entirely proper, because it was not tendered to him until sixty days after the term of court at which the case was tried had expired, and that for this reason he had no authority to do other than what he did do.

 Under conditions such as those in the present case, a trial judge is without authority to sign bills of exceptions. Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663, and cases cited. It is equally well settled that this court is without power to consider bills of exceptions unless they are signed by the trial judge. Osborn v. United States (C. C. A.) 50 F.(2d) 712; Baltimore & O. R. Co. v. Baker (C. C. A.) 58 F.(2d) 627; certiorari denied 287 U. S. 610, 53 S. Ct. 13, 77 L. Ed. 530. Where there is no bill of exceptions properly·before the court, the record which we may consider on appeal is limited to the pleadings, process, verdict, and judgment. See Reilly v. Beekman (C. C. A.) 24 F.(2d) 791; Barton v. Automobile Insurance Co. (C. C. A.) 63 F.(2d) 631, and cases cited. Thus limited, the record discloses no error.

For the aforegoing reasons, the judgment must be affirmed.