## CANNON v. TINKHAM.*
### No. 7083.

United States Court of Appeals for the District of Columbia.

Argued June 13, 1938.
Decided June 27, 1938.

R. H. McNeill and Bradford Ross, both of Washington, D. C., for appellant.

Roger J. Whiteford and P. H. Marshall, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

Appellee, Tinkham, has filed a motion to strike the bill of exceptions and affirm the judgment. We think the motion should be granted.

The case was tried below to a jury, and on February 5, 1937, the trial judge directed a verdict for defendant. Motion for a new trial, made on February 5th, was overruled on July 2d and judgment entered. On that day an appeal was noted to this court. Under law rule 46 of the District Court of the United States for the District of Columbia bills of exceptions must be filed with the clerk of that court within the time fixed by the rules of this court, and by rule 10 of this court the limit is 20 days after judgment (Sundays and holidays excluded).

Judgment in this case, as we have seen, having been entered July 2, 1937, the 20-day period for filing the bill ran to July 26th. By an order of the District Court entered July 16th the time was extended to August 19, 1937. This extension embraced exactly 20 days from the expiration of the original 20-day period, excluding Sundays and holidays. Another order extended the time 20 days from August 19th, which excluding Sundays and holidays carried the time to September 13th. No bill was filed within any of the preceding periods. On September 15th application was made to the court for a further extension of 20 days,

*Writ of certiorari denied 305 U.S. —, 59 S.Ct. 244, 83 L.Ed. —.

which extension was granted by order of September 22d. On September 30th the bill of exceptions was filed, but it was not settled until December 8th.

 We think it is perfectly clear that the last extension granted was wholly without effect. The established rule in the Federal Courts is that no exceptions to rulings at a trial can be considered by the appellate court unless they were duly taken at the trial, embodied in a formal bill of exceptions, and settled within the time allowed by the standing rule of court or within a validly extended period. If not so taken and settled, jurisdiction is lost. If, under the rules of the lower court, the bill is timely filed, an additional 45 days are allowed for settlement, but here, as in the Federal Courts generally, the trial court has no authority to settle a bill filed late. Likewise the trial court has no authority to settle a bill nunc pro tunc as of the time when it should have been settled, and by the same token it cannot revive jurisdiction once lost by entering an order nunc pro tunc as of the time when the court had jurisdiction.

 In this case the order extending for 20 days from August 19th the time to prepare and submit bill of exceptions was valid, but since no bill was filed, or no additional extension granted, within the extended period, the time within which such bill could be filed or such additional extension allowed expired. Thereafter the trial court was without jurisdiction to enter another order extending the time for filing the bill, and we are without jurisdiction to consider the bill which appears to have been filed September 30th.

The Circuit Court of Appeals in the Fourth Circuit reached the same conclusion on substantially the same facts. There the term of court at which the case was tried expired March 23d. The trial court extended the time for filing the bill to July 21st. No bill of exceptions having been settled up to that date, the court on August 11th signed a further order extending the time 60 days. But when, within the 60-day period, the bill was presented, the trial court refused to sign it on the ground that the time for settling the bill or for seeking further extension had expired on July 21st, so that the extension order of August 11th was a nullity. The Circuit Court of Appeals affirmed, Harris v. United States, 70 F.2d 897, and on a motion for rehearing, 72 F.2d 982, repeated its former holding to the effect that a trial judge has no power to settle or allow the bill of exceptions after the expiration of the term or, where the term is extended, after the expiration of such extended period, and that an attempted extension after the expiration of the original or of an extended period is void. For cases presenting varying phases of the same situation, see: Exporters of Manufacturers' Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; Ritz-Carlton Restaurant & Hotel Co. v. Gillespie, 3 Cir., 1 F.2d 921; United States v. Konstovich, 4 Cir., 17 F.2d 84; United States v. Seale, 5 Cir., 45 F.2d 394; Gardner v. United States F. & G. Co., 10 Cir., 60 F.2d 437; Parker v. United States, 4 Cir., 62 F.2d 1055; American Nat. Red Cross v. Raven Honey Dew Mills, 8 Cir., 74 F.2d 160.

 Counsel for appellant say, however, that the rule announced above is modified by what are known in this jurisdiction as the summer rules, found in paragraph 11 of rule 46 of the lower court. The language is as follows: "In case the time for the doing of any of the foregoing acts as herein provided or as extended by order of the court shall expire on a date between the first day of July and the thirtieth day of September, inclusive, of any year, the court, or any justice hereof, for good cause shown and in accordance with the provisions of this rule, may grant additional extensions of time for the doing of any of the said acts, but such extension or extensions shall not extend beyond the thirtieth day of September."

There is nothing in this paragraph of the rule which gives the trial court power to revive jurisdiction already lost. It provides that the court may grant additional extensions of time "in accordance with the provisions of this rule," but the rule, as we have already said, requires extensions of time to be granted during the period when the court has jurisdiction of the cause and the right and power to make the extension. When the original period or any extension thereof has expired and jurisdiction is lost, the paragraph of the rule quoted above is of no avail.

With the bill of exceptions out of the record there is nothing else to consider on this appeal, and therefore the judgment should be, and is, affirmed.

Affirmed.