## SAUL v. SAUL.

### No. 7284.

United States Court of Appeals for the District of Columbia.

Argued March 8, 1939.

Decided March 27, 1939.

246

Henry I. Quinn, James C. Wilkes, James E. Artis, and Byron G. Carson, all of Washington, D. C., for appellant.

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

GRONER, C. J.

Appellant brought his bill in the court below to have declared void a ceremony of marriage participated in by appellant and appellee. Appellee answered and denied the invalidity of the marriage. There was a trial before one of the District Judges, who on March 8, 1938, passed a decree dismissing appellant's bill and awarding to appellee suit money and counsel fees. Appellant simultaneously noted an appeal to this court and in due time filed his cost and supersedeas bonds. Thereafter the trial court extended the time allowed by a local rule for the filing of the statement of evidence. Appellant's proposed statement was thereafter duly filed in the clerk's office, and notice was served on counsel for appellee. Appellee then obtained an extension of time to file amendments to or corrections of the statement, and this was done within the extended period. Orders were entered extending to July 11, 1938, the time for submitting the statement to the court for approval. On July 11 counsel for appellant directed the clerk of the court to transmit to the judge all the papers filed, to have the statement indorsed as submitted, and to make an entry showing that this had been done. This the clerk promised but failed to do. On July 14 appellee, by counsel, moved to strike the proposed statement because it had not been submitted to the court on the day fixed in the order. The motion was made under Law Rule 46 of the District Court. The rule provides:

"1. All bills of exception and statements of evidence in equity shall be prepared by counsel tendering same in the manner required by the rules of the Court of Appeals, and must be filed with the clerk of this court within the time fixed by the rules of the Court of Appeals as that within which an appeal from this court must be taken.

\* \* \*

"3. A copy of the bill or statement, when filed, must be served upon the adverse party or his attorney of record, together with a written notice of the day when it is proposed to submit the same to the court for settlement or approval, which day shall not be less than twenty-five days from the date of the filing thereof. \* \*

"The time for the doing of any of the foregoing acts may be reasonably extended by order of the court, for good cause shown \* \* \*.

"4. Bills of exception and statements of evidence shall be submitted to the court for settlement or approval within forty-five days from the date of the filing thereof by the party tendering the same; otherwise such bill or statement may be stricken from the files upon mo-

tion of the appellee or upon the court's own motion.

"5. The clerk of the court shall immediately after the filing thereof transmit to the justice before whom the case was tried, or the justice acting in his place, a bill of exceptions or statement of evidence, proposed amendments thereto and objections to amendments, together with a copy of the notice required to be served upon the opposite party by paragraph numbered three of this rule."

Appellant insists the concluding part of paragraph four of the rule is discretionary, and that in the interest of justice the discretion should have been exercised by the trial judge, notwithstanding the motion to strike. Appellee, on the other hand, insists that the rule is mandatory and the word "may" equivalent to "shall" or "must". The trial judge accepted the latter view. We allowed a special appeal confined to this single question.

■ Enough has been said to show that counsel for appellant took his appeal, prepared his statement of evidence in good faith and with due diligence, in proper time submitted a copy to counsel for appellee, and filed the same in the clerk's office, and that the failure to transmit and have the statement indorsed "submitted" on the precise day fixed for submission was due to an oversight of an officer of the court. In such circumstances only the necessity of obedience to a mandatory rule would justify us in sustaining an order, the effect of which is the denial of the appeal, and we think the necessity is not present in this case.[1] The words of the rule—such bill or statement *may be* stricken from the files upon motion of the appellee or upon the court's own motion—clearly indicate that the words "may be" were intended to preserve a discretion in the court rather than to impose upon the court, even without motion on the part of the other party, the absolute duty, under any and every circumstance of default in time, to strike the statement from the rec-

ord. So far as we know the word "may", as used here, has always—in an equity cause—been so construed. Echols' Executor v. Brennan, 99 Va. 150, 37 S.E. 786; Knight v. Fisher, 15 Colo. 176, 25 P. 78, 79; Perkins v. Butler, 42 How.Prac., N.Y., 102, 105; Webb v. Robbins, 77 Ala. 176. But if we were to construe it otherwise and hold, as did the trial court, that it imposed the mandatory duty to strike the statement, we should also have to hold that the rule is of no effect because contrary to and inconsistent with Federal Equity Rule 75, 28 U.S.C.A. following section 723, which is controlling.[2]

■ We have not only ourselves held that the District Court is bound by the provisions of the Federal Equity Rules, notwithstanding any local rule to the contrary, but the Acts of Congress conferring jurisdiction on the United States District Court for the District of Columbia and defining its general and special jurisdiction, in the latter respect due to its location at the seat of national government, and authorizing it to establish rules regulating pleading, practice and procedure, provide: "That said court in general term shall not have power to make or establish rules regulating pleading, practice or procedure in equity which are inconsistent with the rules in equity heretofore or hereafter adopted by the Supreme Court of the United States * * *."[3]

Federal Equity Rule 75 fixes no time within which the statement of evidence must be settled and filed in order to become a part of the record for purposes of appeal, and it has been held that the trial court may approve and direct the filing of the statement after the term, though no order was entered carrying the matter over until the next term. In re General Equity Rule 75, 6 Cir., 222 F. 884. To the same effect is Struett v. Hill, 9 Cir., 269 F. 247. And in Garland v. Quinn, 6 Cir., 242 F. 267, it was held that the failure of an appellant to present his statement of the evidence to the trial judge

---

[1] A controversy of this nature will not arise again, since the question is covered by Rule 73(a) of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Appellee's contention is pitched upon cases such as Cannon v. Tinkham, 69 App.D.C. 98, 99 F.2d 133, in which we correctly applied the strict rule of the common law in the settlement of bills of exceptions. But that rule has no proper relation to appellate proceedings in equity.

[3] Tit. 18, D.C.Code 1929, § 51 (Mar. 3, 1863, 12 Stat. 762, c. 91; Mar. 3, 1901, 31 Stat. 1200, c. 854, sec. 65; June 30, 1902, 32 Stat. 552, c. 1329; Apr. 19, 1920, 41 Stat. 555, c. 153; Apr. 3, 1926, 44 Stat. 234, c. 103).

will be disregarded, except as to costs, where it appears that the transcript is complete and accurate and the decision on the merits would be the same. In that case the record showed that the statement was lodged, though not affirmatively filed, with the clerk as provided by the rule, and it was argued that the case was not properly before the appellate court. This contention was held without merit.

The question before us seems to be answered by what was said in Kelly, Trustee v. United States et al., 300 U.S. 50, 57 S.Ct. 335, 337, 81 L.Ed. 507. In that case the statement of evidence was never properly authenticated within the requirements of the Equity Rules. The Circuit Court of Appeals held that there was no statement of evidence nor any agreed statement of the case and, in the absence of such, affirmed the judgment. Appellant asked for a rehearing and that the record be returned to the District Court for settlement and proper authentication. Both were denied. The Supreme Court said: "Manifestly the equity rules should be enforced with the strictness necessary to effectuate their essential purpose; orderly procedure so demands. But when, as here, there is mere omission of some step which has escaped the attention of both parties, and when rigorous enforcement without fair opportunity to correct the error would defeat hearing on the merits and entail unnecessary hardship, we think appropriate relief promptly asked for should be afforded. Permission to supply authentication of the record would have occasioned no material injury to any party, nor interfered seriously with the business of the Court. In the circumstances we must regard the denial of an opportunity to amend as an abuse of discretion—a violation of the spirit if not the letter of the rules."

 In the case here, appellant filed with the clerk of the court in which the appeal was pending a praecipe for portions of the record and the evidence to be incorporated in the transcript on appeal and served notice on his opponent to file any additional portions of the record or the evidence. Rule 75 provides how the evidence shall be included, and prescribes that appellant shall prepare his statement and lodge the same in the clerk's office for the examination of the other parties. This was done. Appellant notified the other party of the lodgment. The rule then provides that at the time named the statement, together with the objections made by the other party, shall be presented to the court or judge and if the statement is true and properly prepared it shall be approved, and if it is not true and properly prepared it shall be made so under the direction of the court and shall then be approved. As we have said above, Rule 75 fixes no time within which the statement must be settled and filed in order to become a part of the record for the purpose of appeal and, while it has been said a number of times that the better practice is to complete the preliminary steps before perfecting the appeal and, if a term should expire before the statement is filed, to have an order carrying the matter into the next term,[4] it is not jurisdictional that this be done. So much as this was said by Judge Hunt in Struett v. Hill, supra, to which we refer without more on the subject. We are of opinion that the judge below did have discretion to settle and authenticate the evidence—the time for filing the transcript of record in this court not then having expired—notwithstanding the failure of the clerk of the court to transmit the same within the period extended by order of the court and the failure of counsel then and there to "submit" the same to the court; and for this reason we remand the case to be proceeded with in compliance with this opinion.

Reversed and Remanded.

---

[4] There is a local rule in the District of Columbia which provides that the filing and approval of the statement shall not be affected by the expiration of the term.