458

## JOERNS v. IRVIN.
### No. 7269.

United States Court of Appeals for the District of Columbia.

Argued Feb. 8, 1940.

Decided May 6, 1940.

Rehearing Denied July 2, 1940.

R. H. McNeill and Kelly Kash, both of Washington, D. C., for appellant.

Arthur J. Hilland, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

### PER CURIAM.

This action was begun in the District Court in 1936. There was a verdict and judgment for the plaintiff in 1938, and an appeal was taken to this court. Subsequently counsel for appellee moved to strike the bill of exceptions, which had been submitted late and signed and settled, nunc pro tunc, after the time allowed by the rules. After due consideration by the whole court,[1] the motion was granted on the authority of Cannon v. Tinkham, 69 App.D.C. 98, 99 F.2d 133, and cases cited there. Motions by counsel for appellant to reconsider were thereafter denied, and when the case was reached for argument at our February, 1940, term, counsel frankly admitted that in the then state of the record there was nothing for us to review, but again asked us to reconsider our former action in striking the bill. In deference to our invariable desire to do whatever we can within the limits of our judicial power to preserve rather than deny a review, we have given consideration to counsel's verbal motion as fully as though it were properly before us, and have again reached the conclusion that under the rules in operation at the time in question we are wholly without power to reverse or revise our former action.[2]

The suggestion that because the power to strike the bill from the files is discretionary—in view of the language of local Rule 46—the trial court had discretion to sign the bill and make it a part of the

[1] Judge Rutledge was not then a member of the court.

[2] Exporters v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; Harris v. United States, 4 Cir., 72 F.2d 982; Harris v. United States, 4 Cir., 70 F.2d 897; Baltimore & Ohio R. Co. v. Baker, 4 Cir., 58 F.2d 627; Witte v. Franklin F. Ins. Co., 8 Cir., 46 F.2d 894; United States v. Seale, 5 Cir., 45 F.2d 394; United States v. Todar, 7 Cir., 41 F.2d 146; In re Bills of Exceptions, 6 Cir., 37 F.2d 849; Shallas v. United States, 9 Cir., 37 F.2d 692; Great Northern Life Ins. Co. v. Dixon, 8 Cir., 22 F.2d 655; United States v. Konstovich, 4 Cir., 17 F.2d 84; Maryland Cas. Co. v. Citizens' Nat. Bank of Los Angeles, 9 Cir., 8 F.2d 216; Ritz-Carlton Restaurant & Hotel Co. v. Gillespie, 3 Cir., 1 F.2d 921.

record on appeal, is in our opinion without foundation. [3]

It is true that the rule contains the word —may—with reference to striking the bill from the files, but it also contains the word—shall—as fixing the time when the bill must be submitted for settlement, and unless it be settled and signed within the time allowed, it is, as we have said time and again, without effect. That is the limit of the authority of the District Court, [4] and was likewise the limit of our own authority, at the time of the trial below. A bill which is not struck remains in the files, but it does not thereby become part of the record on appeal. The effect of Law Rule 46(4), in our opinion, is not different from what it would be if its final clause read—otherwise such bill or statement shall not be signed by the trial judge or become part of the record on appeal, and may be stricken from the files of the trial court upon motion of appellee or upon the court's own motion.

Judgment affirmed.

RUTLEDGE, Associate Justice (dissenting).

I am unable to agree that the judgment should be affirmed without consideration of the bill of exceptions. In my opinion it was excluded erroneously, should be reinstated as part of the record, and the case should be set for argument upon the issues raised by appellant in the light of what it would disclose.

The judgment is for $3,800. The assault was not committed by appellant in person, but by her brother. Her liability depends upon whether she instigated or induced him to make it. On the pleadings, she denies and appellee affirms that she did so. With obvious sincerity and a persistent, but respectful, insistence which proves it, appellant's counsel contends that there was no sufficient evidence introduced at the trial to go to the jury or to sustain its verdict.

With patience beyond the ordinary, the court has heard and reheard the argument that it is not required to and should not disable itself to hear the appeal on the merits of the case. Because of that forbearance, this dissent is filed with diffidence; and of course with respect for the contrary views of my brethren, whose experience in such matters is the greater.

The crux of the issue is whether Law Rule 46(4) is controlling and whether, if so, its temporal provision is mandatory, and therefore jurisdictional, or discretionary with the court, so far as striking the bill from the record is concerned. Assuming, for the moment, that Law Rule 46(4) is controlling, the explicit terms of the rule give the trial court discretion in the matter of striking the bill of exceptions for failure to comply with the time requirement. The rule was as follows: "Bills of exception and statements of evidence shall be submitted to the court for settlement or approval within forty-five days from the date of the filing thereof by the party tendering the same; otherwise such bill or statement *may* be stricken from the files *upon motion of the appellee or upon the court's own motion.*" (Italics supplied.)

If the rule were automatic in its operation, there might be reason for holding it "mandatory and jurisdictional." But it is not self-executing. Mere failure to submit for settlement within the prescribed period is not given the effect ipso facto of excluding the bill from the files. Action by the court is required before that can take place. It may be had either on appellee's motion or on the court's own motion. In either event, it is required that the court act. Unless and until the court acts to strike the bill, if timely filed, it remains in the files, subject to the court's disposition. Such a provision is wholly inconsistent with the idea that the court can act in only one way, namely, by striking the bill. The word "may," rather than "shall," also clearly shows that the rule contemplated the ex-

---

3 Law Rule 46 (4) of the District Court: Bills of exception and statements of evidence shall be submitted to the court for settlement or approval within forty-five days from the date of the filing thereof by the party tendering the same; otherwise such bill or statement may be stricken from the files upon motion of the appellee or upon the court's own motion.

4 Ray v. United States, 301 U.S. 158, 162, 57 S.Ct. 700, 81 L.Ed. 976; Sanford v. United States, 69 App.D.C. 44,

98 F.2d 325; Young v. United States, 10 Cir., 88 F.2d 305; Hightower v. United States, 9 Cir., 88 F.2d 302; Miller v. United States, 9 Cir., 88 F.2d 102; Cusamano v. United States, 8 Cir., 85 F.2d 132; Wolpa v. United States, 8 Cir., 84 F.2d 829; Gallagher v. United States, 8 Cir., 82 F.2d 721; United States v. Adamowicz, 2 Cir., 82 F.2d 288; Yep v. United States, 10 Cir., 81 F.2d 637; White v. United States, 4 Cir., 80 F.2d 515, 516.

ercise of discretion by the court. Had the provision been merely that on failure of the appellant to submit the bill it should be stricken, or if the language had indicated clearly that the court should have no discretion in the matter, appellee's position would be sustained. But in the face of the clearly contrary language and intent of the rule, it is entirely untenable. Even though the rule were less positive than it is, so that there would be room for construction, courts should seek all reasonable opportunity to avoid an interpretation which deprives one of the parties of his day in the appellate court on the merits of the appeal. Any other disposition has the effect of nullifying, by capricious implication, the general statutory provision for appeals. And this is the position which we took, with reference to the identical rule involved here, in Saul v. Saul.[1] There we said: "Only the necessity of obedience to a mandatory rule would justify us in sustaining an order, the effect of which is the denial of the appeal, and we think the necessity is not present in this case. The words of the rule—such bill or statement *may be* stricken from the files upon motion of the appellee or upon the court's own motion—clearly indicate that the words '*may be*' were intended to preserve a discretion in the court rather than to impose upon the court, even without motion on the part of the other party, the absolute duty, under any and every circumstance of default in time, to strike the statement from the record."

It is true that Saul v. Saul was an equity case; that the construction adopted was the prevailing rule in equity causes; and that it was required and adopted, in part, in order to make Rule 46(4) consistent with Equity Rule 75, 28 U.S.C.A. following section 723, which was held controlling. Likewise, we indicated by footnote that the contrary rule was the prevailing one at law under the authority of Cannon v. Tinkham.[2] But these facts cannot and do not contradict the fact that we there construed the very rule which is in question here and held it discretionary, not only to make it consistent with Equity Rule 75 and the prevailing rule in equity cases, but also on the very language and intent of the rule itself. Unless, therefore, the identical rule and language are to be construed as "discretionary" in equity causes and as "mandatory and jurisdictional" in cases at law, Rule 46 (4) must be considered here as vesting discretion in the court to strike or not to strike the bill. And that discretion, if it exists, has been exercised in appellant's favor, not appellee's.

There is no controlling authority which requires such an amphibious construction of the rule. Cannon v. Tinkham does not do so. It is clearly distinguishable from the present case. There the bill was not *filed* in time as required by Rule 46(1) of the District Court.[3] We held that the court had no power to settle a bill not filed in time. We went on to say, by way of dictum, that we could not consider exceptions to rulings at the trial unless they were "duly taken at the trial, embodied in a formal bill of exceptions, and settled within the time allowed by the standing rule of court or within a validly extended period"; also that "the trial court has no authority to settle a bill nunc pro tunc as of the time when it should have been settled," and thereby revive a jurisdiction previously lost. But these statements were entirely unnecessary to the decision. The case presented was not one in which the only failure was to submit the bill in time or to settle it in time. The bill was not filed in time and under the mandatory language of Rule 46(1) that was fatal to its settlement and consideration on appeal. That rule is not involved here, and Rule 46(4) was not involved in Cannon v. Tinkham. No other decision of this court has been cited which holds that mere failure to submit the bill for settlement within Rule 46(4) automatically requires its elimination from the files and the record on appeal.[4] The de-

---

[1] 1939, 70 App.D.C. 112, 114, 104 F.2d 245.

[2] 1938, 69 App.D.C. 98, 99 F.2d 133, 134.

[3] That rule is quite different from Rule 46(4). It provides: "All bills of exception and statements of evidence in equity shall be prepared by counsel tendering same in the manner required by the Rules of the Court of Appeals, and *must* be filed with the clerk of this court within the time fixed by the Rules of the Court of Appeals as that within which an appeal from this court must be taken." (Italics supplied) By Rule 10 of this court the time limit for taking appeals is twenty days after judgment, excluding Sundays and holidays.

[4] We have held that if the bill is presented to the trial judge in time, the mere fact that he holds it for consideration past the time for settling will not result in loss of jurisdiction. Lindsey v. Pennsylvania R. R., 1905, 26 App.D.C. 125, 3

cisions in other federal jurisdictions, relied upon to support the majority's view, were made under other rules and are therefore not in point.[5] If they were, they would not be controlling upon us. The action taken in the present case, therefore, constitutes an extension of the rule of Cannon v. Tinkham to a situation not there involved and clearly distinguishable on the facts. The dictum of that opinion should not now be made law for the first time, as against the specific language of Rule 46(4), the interpretation given to it by two justices of the trial court in this cause, the absence of any controlling authority to that effect, and the contrary provisions of the Federal Rules of Civil Procedure. Rule 6(b) (2). 28 U. S.C.A. following section 723c.

If Rule 46(4) gave discretion to the trial court, it was exercised adversely to appellee by various orders entered in proceedings subsequent to the time within which the majority find that the bill should have been submitted. Some of these were entered after the Federal Rules became effective. If the trial court had discretion under Rule 46(4), appellant's failure could not have been "jurisdictional," and, since there is no showing that the court abused its discretion, we have no power to interfere with its exercise. It would seem also, in the light of these facts, that the Federal Rules became applicable to the situation presented by this case. Cf. Rule 6(b) (2), Federal Rules of Civil Procedure.

The bill should be reinstated as part of the record and the case should be set for argument upon the merits of the appeal.

---

L.R.A.,N.S., 218; District of Columbia v. Blackman, 1908, 32 App.D.C. 32. And there is controlling authority that failure to submit the bill of exceptions for settlement within the time fixed is not jurisdictional where the delay is caused by "extraordinary circumstances." Taylor v. United States, 1932, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; cf. In re Bills of Exceptions, 6 Cir., 1930, 37 F.2d 849. And see Ziang Sun Wan v. United States, 1923, 53 App.D.C. 250, 289 F. 908, reversed on other grounds, 1924, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131.

[5] Nearly all of the cases involve time for *filing*, or its equivalent under different rules. O'Connell v. United States, 1920, 253 U.S. 142, 40 S.Ct. 444, 64 L. Ed. 827; Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 1922, 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; Ritz Carlton Restaurant & Hotel Co. v. Gillespie, 3 Cir., 1924, 1 F.2d 921; United States v. Konstovich, 4 Cir., 1927, 17 F.2d 84; United States v. Seale, 5 Cir., 1930, 45 F.2d 394; Gardner v. United States Fidelity & Guaranty Co., 10 Cir., 1932, 60 F.2d 437; Parker v. United States, 4 Cir., 1933, 62 F.2d 1055; Harris v. United States, 4 Cir., 1934, 70 F.2d 897; Id., 4 Cir., 1934, 72 F.2d 982; American National Red Cross v. Raven Honey Dew Mills, 8 Cir., 1934, 74 F.2d 160. Only one case which has come to our attention squarely holds that failure to submit for settlement in time, under the rules there involved, deprives the court of jurisdiction. Goetzinger v. Woodley, 4 Cir., 1927, 17 F.2d 83; cf. Gardner v. United States Fidelity & Guaranty Co., 10 Cir., 1932, 60 F.2d 437.