## UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION v. TALMADGE.

Circuit Court of Appeals, Second Circuit.

March 27, 1933.

'See, also, 54 F.(2d) 240.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

This is a motion to strike out a bill of exceptions based upon the claim that it was filed too late.

The time to settle and file the bill of exceptions was extended by consent of the parties to February 23, 1933, and on February 20, the bill of exceptions was agreed upon by the parties and placed in the hands of the clerk, who mailed it to the trial judge living at Burlington, Vt. He signed it on February 23d and forthwith returned it to the clerk, who received it on February 24th.

Rule 35 of the District Court Rules for the Southern District of New York, where the case was tried, provides: "No * * * bill of exceptions will be settled or filed after the term * * * The appellant shall cause the * * * bill of exceptions, when settled by the Court, to be filed within the time limited. * * *" The appellant having placed the bill in the hands of the clerk for signature by the trial judge and it having reached him before the expiring date, February 23d, it sufficiently complied with the rule of the District Court, and the filing was within the extended term. The delay in obtaining the trial judge's signature to the bill of exceptions was no fault of the appellant. The clerk delayed until February 21st before sending it to Burlington, Vt., for signature; the judge immediately signed it, receiving it on the 23d, and returned it. That was sufficient within the authorities. Davis v. Patrick, 122 U. S. 139, 7 S. Ct. 1102, 30 L. Ed. 1090; Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453; Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951.

Motion to strike out bill of exceptions denied.