## FEWOX v. UNITED STATES.

### No. 7644.

Circuit Court of Appeals, Fifth Circuit.

May 20, 1935.

W. K. Zewadski, Jr., and Wm. C. Pierce, both of Tampa, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Fewox was convicted on November 27, 1934, of offenses against the internal revenue laws. An ordinary motion for new trial was made the next day. It was overruled, and he was sentenced on December 5th. On December 14th an extraordinary motion for new trial on the ground of newly discovered evidence was filed. This was heard and overruled on December 17th, and on the same day a notice of appeal was filed. On January 16, 1935, the District Court extended the time for settling the bill of exceptions until February 15th, and on February 7th a bill of exceptions was certified covering both the trial and the proceedings upon the extraordinary motion. The assignments of error run both to the rulings at the trial and to the judgment on this extraordinary motion. The United States moved to dismiss the appeal because not taken within five days from the entry of the judgment of conviction. Fewox contends that, since the appeal was taken within 5 days from the overruling of his extraordinary motion and since that motion was filed within 60 days from the verdict as allowed by the new rules, the appeal was good.

The controlling provisions read thus:

"Rule II. Motions. * * * (2) Save as provided in subdivision (3) of this rule, motions in arrest of judgment or for a new trial shall be made within three days after verdict or finding of guilt.

"(3) A motion for a new trial solely upon the ground of newly discovered evidence may be made within sixty days after

final judgment without regard to the expiration of the term at which judgment was rendered. * * *

"Rule III. Appeals. An appeal shall be taken within five days after entry of judgment of conviction except that where a motion for a new trial has been made within the time specified in subdivision (2) of Rule II the appeal may be taken within five days after entry of the order denying the motion."

A main purpose of the rules is to force early termination of criminal cases. Section 2 of the statute authorizing them, 48 Stat. 399 (28 USCA § 723a), preserves the former right of appeal, but permits regulation of the time and manner of asserting it. The time limits fixed by the rules are jurisdictional just as those formerly fixed by statute were. Rule II fixes 5 days from the entry of judgment of conviction or from the overruling of the ordinary motion for new trial which itself must be filed within 3 days after verdict. The present appeal, not having been taken in that time, is unavailable to bring under review the proceedings on the trial. Rule II(3) provides for an extraordinary motion on account of newly discovered evidence to be filed within 60 days from the final judgment, but no appeal from the overruling of it is mentioned. Such an extraordinary motion does not revive a right of general appeal previously barred. If it did, in every case the time for general appeal could be extended for 65 days from the entry of judgment by filing an extraordinary motion, no matter how frivolous. We hold ourselves without jurisdiction to review the rulings upon the trial. But, since section 2 of the statute above referred to preserves the right of appeal as formerly authorized, the overruling of the extraordinary motion may still in a proper case be itself reviewed. We find no abuse of discretion in overruling it. The alleged newly discovered evidence was that of neighbors touching the location of the distillery and the trail from it and the distance to the home of Fewox. There had been a committal trial in which the contentions of the government's witnesses about these things were fully developed, and the slightest diligence in preparing for trial would have enabled Fewox to obtain the evidence of these neighbors.

Judgment affirmed.