**WHITE et al. v. UNITED STATES.**
No. 3956.

Circuit Court of Appeals, Fourth Circuit.
Dec. 6, 1935.

T. Warren Messick and S. R. Price, both of Roanoke, Va. (John W. Carter, Jr., of Danville, Va., on the brief), for appellant Samuel O. White.

F. S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va., and Sterling Hutche-

516

son, Sp. Atty., Department of Justice, for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal by one S. O. White, who with a number of others was convicted of conspiracy to violate certain sections of the internal revenue laws of the United States. It is admitted that a conspiracy of the character charged in the indictment was established by the evidence, but it is contended that there was no sufficient evidence connecting White with the conspiracy. We have carefully examined the record in the light of the briefs and arguments of counsel, however, and are satisfied that there is no merit in the contention. The evidence as to White's communications with certain of the conspirators and as to his efforts to protect them in carrying on their unlawful business is quite sufficient to connect him with the conspiracy without reference to evidence in which he was implicated in the conspiracy by acts and statements made by other conspirators in furtherance of the conspiracy.

Objections as to the admission of testimony are also without merit. These objections relate to statements made by coconspirators in furtherance of the conspiracy; and, as White's connection with the conspiracy was abundantly shown by evidence aliunde, these statements were clearly admissible against him. The only one of the statements as to which any question can reasonably be raised with respect to its being in furtherance of the conspiracy is a statement made by one Turner to the witness Monterio. In view of the surrounding circumstances, we think that this statement was properly admitted as one in furtherance of the conspiracy; but, even if this were not true, we do not think that its admission could have affected the result.

A motion has been made to strike the bill of exceptions on the ground that it was not signed within the period first fixed for that purpose, and that no extension of that period was permissible after the expiration of the thirty days allowed by rule IX of the Criminal Appeals Rules of the Supreme Court. This motion would seem to be well grounded. O'Connell v. United States, 253 U.S. 142, 40 S.Ct. 444, 64 L.Ed. 827; Cudahy Packing Co. v. City of Omaha (C.C.A.8th) 24 F.(2d) 3, 6; In re Bills of Exceptions (C.C.A.6th) 37 F.(2d) 849. We need not pass upon the motion, however, as we are satisfied from the matter appearing in the bill of exceptions that the judgment appealed from should be affirmed.

Affirmed.