## YEP v. UNITED STATES. *

### No. 1281.

Circuit Court of Appeals, Tenth Circuit.

Jan. 27, 1936.

Charles J. Moynihan, of Montrose, Colo. (Moynihan, Hughes & Knous, of Montrose, Colo., on the brief), for appellant.

David H. Morris, Asst. U. S. Atty., of Denver, Colo. (Thomas J. Morrissey, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Joe S. Yep and Luie Ben Seung were charged by an indictment containing eight counts with violation of 26 U.S.C.A. §§ 1043, 1044 and 21 U.S.C.A. § 174.

The first count charged that the defendants purchased one and one-half grains of morphine not in or from the original stamped package.

The second count charged that the defendants sold to Lon J. Moss one and one-half grains of morphine not in or from the original stamped package.

The third count charged that the defendants sold to Moss one and one-half

638

grains of morphine not in pursuance of a written order of Moss, on a form issued for that purpose by the Commissioner of Internal Revenue.

The fourth count charged that the defendants did knowingly and fraudulently "receive, conceal, buy, sell and facilitate the transportation, concealment and sale, after importation of * * * one and one-half grains of morphine" that had been imported into the United States contrary to law.

The remaining counts charged like offenses as counts one, two, three and four, with respect to four hundred and ten grains of morphine.

Yep was convicted on counts two, three and four, and acquitted on the other counts.

■ The verdicts were returned April 24, 1935. The appeal was taken May 20, 1935. On May 21, 1935, the trial court entered an order extending the time to file the bill of exceptions until July 1, 1935. On July 1, 1935, the trial court undertook by another order, to extend the time for filing the bill of exceptions, an additional thirty days.

Rule IX of the United States Supreme Court, promulgated May 7, 1934, pursuant to the Act of March 8, 1934, 28 U.S.C.A. § 723a, in part provides:

"The appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains."

The bill of exceptions and the assignments of error were filed with the clerk of the trial court July 27, 1935.

One object of the new rules in criminal cases regulating practice and procedure after verdict or plea of guilty, is to expedite the disposition of criminal cases on appeal.

The second order of extension was not entered within the thirty days after the appeal was taken and was ineffectual.

■ The assignments of error and the bill of exceptions were not filed with the clerk of the trial court within thirty days after the taking of the appeal, nor within a further time fixed within said period by the trial court, and were therefore filed out of time and should be stricken.

We have carefully examined the bill of exceptions however, and have reached the conclusion that even if the bill of exceptions were open to consideration, it would show there was substantial evidence to support the verdicts of guilty, and would disclose no prejudicial error during the trial.

■ The acquittal on count one was not a bar to a conviction on counts two, three and four. A plea of autrefois acquit is unavailing unless the offense to which it is interposed is precisely the same in law and in fact as the former one relied upon under the plea. Burton v. United States, 202 U. S. 344, 380, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Kelly v. United States (C.C. A.6) 258 F. 392; Moorehead v. United States (C.C.A.5) 270 F. 210.

■ The test of the identity of offenses is whether the same evidence is required to sustain them [Moorehead v. United States, supra]; or whether, if what is set out in the charge to which the plea is interposed, had been proved in support of the charge acquittal of which is asserted as a bar, it would have sustained a conviction on the latter charge. [Morgan v. Devine, 237 U. S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Brady v. United States (C.C.A.8) 24 F.(2d) 399, 404; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489].

Count one charged a purchase not in or from the original stamped package. Count two charged a sale not in or from the original stamped package, count three a sale not in pursuance of a written order on a form issued for that purpose by the commissioner, and count four a sale after importation of morphine that had been imported into the United States contrary to law, with knowledge of the illegal importation. It is obvious that different evidence would be required to sustain the several charges, and that proof of the facts charged in count one would not sustain a conviction of the charges in counts two, three and four. See Dunn v. United States, 284

U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161.

■ It is urged that the verdicts of acquittal on counts five, six, seven and eight were inconsistent with verdicts of conviction on counts two, three and four. This we do not concede since different offenses were involved. But if it were true it would be no ground for reversal. Consistency in verdicts is not required. Dunn v. United States, supra.

Affirmed.