## UNITED STATES v. ADAMOWICZ et al.[*]
### No. 248.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1936.

Leo H. Klugherz and Max Schultz, both of New York City (Richard Klugherz, of New York City, of counsel), for appellants.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., and Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y. (William S. Perlman, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The bill of exceptions prepared upon this appeal was not settled within the time prescribed by the appellate criminal rules of the Supreme Court, and we cannot for this reason consider what took place at the trial, even though the appellee consents. Exporters of Mfrs.' Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663. Judge Moscowitz sentenced the prisoners on April 1, 1935, and on April 29, 1935, extended the time within which to settle their bill of exceptions till May 17th. On October 29, 1935, he settled the bill of exceptions, but the term had meanwhile lapsed. It is true that the appellants got a series of orders from a judge of this court ex parte, extending their time "to file and serve" their bill of exceptions, and we may assume arguendo that these orders meant to extend the time within which to "settle" the bill, although that was not the language; but rule IX (28 U.S.C.A. following section 723a) prescribes that it must be settled "within thirty days after the taking of the appeal, or within such further time as within said period of thirty (30) days may be fixed by *the trial judge*." The "trial judge" means the judge who tried the case, or "in case of his absence from

the district, or disability, or death, any other judge assigned to hold, or holding, the court in which the case was tried." Rule XIII (28 U.S.C.A. following section 723a). Judge Moscowitz was not at any time absent or disabled, so far as appears, and only he had power to extend the time. We need not therefore consider the question whether under rule IX he had power to grant more than one extension, a question yet undecided.

▉▉ Though the bill is for this reason not before us, we can hear the appeal under rule VIII (28 U.S.C.A. following section 723a) upon "the indictment and other pleadings and the orders, opinions, and judgment of the trial court, without a bill of exceptions." There is nothing to challenge in "the indictment or other pleadings," but perhaps the word "orders" opens to our review an order made before trial which denied a motion to suppress certain documents seized from the possession of two of the defendants upon what they asserted to be an unlawful search. Assuming that this order is before us and that we could reverse it, it would do the appellants no good, for the papers are described only as "the contents of a steel cabinet file * * * and other personal papers, documents and other personal property." Without the bill of exceptions we have no means of knowing how important the papers were, whether any of them were used upon the trial, or whether they could have affected the result. We could not therefore reverse the convictions, if we would.

Judgments affirmed.