## GALLAGHER v. UNITED STATES.
### No. 10481.

Circuit Court of Appeals, Eighth Circuit.
April 8, 1936.

Paul Dillon, of St. Louis, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Henry G. Morris, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, VAN VALKEN-BURGH, and FARIS, Circuit Judges.

FARIS, Circuit Judge.

Appellant was tried and convicted on three counts of an indictment, and given as punishment concurrent sentences of five years in the federal prison for women at Alderson, W. Va. Counts 1 and 2 joint-ly charged her and another with passing and uttering counterfeit money, and in the third count the charge was for possessing such money.

The grounds relied on for reversal are (a) that the trial court erred in permitting a witness for the government to testify that after appellant's arrest, she refused to make any statement, except to say, "1 will do my talking in court"; (b) that the court erred in permitting a witness to testify that one Jeannette Grewe, who was jointly tried with appellant, but acquitted, had passed a $1 bill, not definitely shown to be a counterfeit, on a person other than those named in the indictment; and (c) that the court erred in charging the jury that the passing of the bill last mentioned could be considered by the jury as bearing on the intent with which appellant had acted when passing the counterfeit money set out in the other counts.

We have, as an act of grace, though the point is not urged, carefully read and examined the record in the case and are fully satisfied with the sufficiency of the evidence to warrant the finding of the jury. We are met on the threshold, however, with the contention of appellee that we are not, under the law and the lately promulgated rules of the Supreme Court, permitted to examine the bill of exceptions in this case, because it was not filed within the time provided by the rules mentioned.

It goes, almost without saying, that the rules of practice and procedure in criminal cases, adopted by the Supreme Court on May 7, 1934, and which came into effect on September 1, 1934, have the force and effect of federal statutes (28 U.S.C.A. following section 723a). Lately, in a case, with which we are in full accord, it has so been held. Fewox v. United States (C.C.A.) 77 F.(2d) 699.

The rule (rule 9 [28 U.S.C.A. following section 723a]) invoked by appellee, as the basis of its contention, so far as is pertinent, reads thus:

"In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in ad-

dition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

Since the only alleged errors set out by appellant and urged and relied on by her for reversal are matters which can be preserved for appellate review in a bill of exceptions only, the situation here is controlled by the rule above quoted. The chronology of controlling orders, on the point at hand, runs thus:

Entry of judgment of conviction of appellant was made on April 2, 1935; notice of appeal was given (and so the appeal was taken) on April 4, 1935; on April 5, 1935, an order or citation was entered requiring appellant and appellee to appear on May 1, 1935, before the trial judge, and to settle the record on appeal; on May 1, 1935, this matter of "the hearing in the matter of the preparation of the transcript on appeal" was passed to May 24, 1935; on May 24, 1935, an order was entered setting forth the items of the record to be included in the transcript on appeal, which included a bill of exceptions, and appellant was given until June 24, 1935, within which to file her bill of exceptions; on July 12, 1935, an order was made extending the time to file such bill of exceptions to August 15, 1935. Other orders extending the time to file a bill of exceptions were thereafter made from time to time, and the bill of exceptions was filed on October 30, 1935, nearly six months after such bill was, absent legal extensions, required by the quoted rule to be filed.

It will be noted that the first mention in the record of a bill of exceptions occurred on May 24, 1935, on which date an order extending the time to file such bill till June 24, 1935, was entered. This latter order was made fifty days after the appeal was taken; while the rule requires that a bill of exceptions shall be filed in thirty days after an appeal is taken, unless within the thirty days period further time be given, "in the interest of justice."

Moreover, as shown in the chronology above set out, the order untimely made on May 24, 1935, extending the time to file the bill till June 24, 1935, was not complied with, and it was not till July 12, 1935, or eighteen days after expiration, that an order was made again extending the time. So, there are two lapses, or hiatuses clearly disclosed by the record.

The object and purpose of the grant of power by the Congress to the Supreme Court to make the rules, and the purpose and intent of the rules themselves, were to expedite the hearing of criminal cases on appeal, and in our opinion it is the plain duty of the courts to enforce these rules, so that the purpose of the Congress may be carried out. For if this duty is not done by the courts, the passage of the statute (28 U.S.C.A. § 723a) and the adoption of the rules will have been vain and futile acts.

It follows that the bill of exceptions, to which reference is necessary in the review of each and all of the errors charged, having been untimely filed, may not be considered.

We find no errors in the primary record. In fact, none is alleged. And so we are constrained to order that the case be affirmed, which accordingly we do.