**WOLPA v. UNITED STATES (two cases).**
**Nos. 10526, 10527.**

Circuit Court of Appeals, Eighth Circuit.
July 20, 1936.

William N. Jamieson, of Omaha, Neb., for appellants.

George A. Heisey, Asst. U. S. Atty. for the District of Minnesota, of St. Paul, Minn., Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., for the District of Nebraska, both of Omaha, Neb., for the United States.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The question presented here arises on motion of the government to strike the bill of exceptions on the ground that "said Bill of Exceptions was not procured to be settled, nor settled, nor filed as provided by Rule 9 (28 U.S.C.A. following section 723a) of the Rules of the Supreme Court relating to appeals in Criminal causes, effective September 1, 1934."

The files disclose that on November 14, 1935; appellant was convicted of a criminal offense and sentence was imposed upon

him. On the same day he filed notice of appeal. On November 20, 1935, he applied to the trial court for an order extending the time beyond the 30-day period in which to settle and file his bill of exceptions and his assignments of error, tendering to the court a form of order in conformity with the application. The trial court did not sign the form of order presented by the appellant, but on November 21, 1935, entered an order referring to the application and the hearing on the previous day, and proceeding:

"And it appearing to the Court, in the interest of justice, that additional time will be required to properly prepare, settle and file the Bill of Exceptions and Assignments of Error.

"Now, therefore, it is hereby ordered that the time for presenting to the court the proposed appellants' Bill of Exceptions and Assignments of Error is extended to and including the 14th day of February, 1936.

"It is further ordered that upon such presentation a time will be fixed for proposing amendments or objections and for hearing and final settlement of such Bill of Exceptions."

When the foregoing order was entered, no exceptions were taken thereto by appellants, and although 21 days of the 30-day period provided by the rule remained, no steps were taken by them to have it corrected or changed. But on the day named therein, February 14, 1936, appellants in compliance with the order as written "presented" their proposed bill of exceptions to the judge then presiding in the district; the judge before whom the case was tried being absent from the district.

Thereupon an order was made ordering that "counsel for appellants forthwith deliver said Bill of Exceptions to the United States Attorney" at Omaha for such objections as he may see fit to make; and that the bill of exceptions and the objections be presented to the judge who tried the case on or before the 14th day of April, 1936, for hearing and final settlement.

On the day fixed in the last order, the bill and the exceptions thereto were delivered to the judge who tried the case, and on April 20, 1936, he overruled the objections and ordered certain amendments to the bill, concluding: "The court allows ten days from the date of filing of this order within which appellant may make such amendments to the proposed Bill and to present it to the court with such amendments for the signature and approval of the trial judge."

On April 24, 1936, an order was made and entered approving and settling the bill of exceptions.

The rule relied upon by the government is as follows:

"IX. Bill of Exceptions. In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice. * * *

"Upon the filing of the bill of exceptions and assignment of errors, the clerk of the trial court shall forthwith transmit them, together with such matters of record as are pertinent to the appeal, with his certificate, to the clerk of the appellate court, and the papers so forwarded shall constitute the record on appeal."

■ The rule has the same force and effect as federal statutes, Gallagher v. United States (C.C.A.8) 82 F.(2d) 721; Fewox v. United States (C.C.A.5) 77 F.(2d) 699, 700, and neither this court nor the District Court has power to alter or amend it.

■ The purpose of the rule is to force the speedy termination of criminal proceedings. The rule clearly and unequivocally provides that everything must be done to settle and file the bill within 30 days from the time the appeal is taken. It provides for but one exception; that is, that when it is made to appear that "in the interest of justice" a longer time is necessary, such further time may be allowed "as within said period of thirty days may be fixed by the trial judge." This is not ambiguous. It means that the order extending the time must be made within the 30-day period, and that the order so made must fix the time with-

in which the bill must be both settled and filed.

The order made in the instant case on November 21, 1935, did not fix the time within which the bill should be settled and filed. It was therefore void. The present bill was not settled for more than five months after the appeal was taken. It must, therefore, be stricken. Gallagher v. United States, supra; Fewox v. United States, supra; Yep v. United States (C.C. A.10) 81 F.(2d) 637; Id. (C.C.A.) 83 F. (2d) 41; White v. United States (C.C.A.4) 80 F.(2d) 515, 516. The attempt in the order to reserve jurisdiction to make another order after the 30 days had expired fixing the time within which the bill might be settled and filed was futile. If that may be done the purpose of the rule may be completely defeated. If one such order can be made after 30 days, there is no apparent reason why any number of such subsequent orders may not be made.

Counsel for appellant contends that since the appellant did everything he could do to comply with the rule, it is harsh to enforce the rule against him. He feels that he is without fault because he tendered to the trial judge a form of order which in every way complied with the rule and it was changed by the judge the following day. Unfortunately this situation does not operate to create jurisdiction where none exists. Rule 9 of the Supreme Court covering practice and procedure in criminal cases places the burden upon the appellant to "procure to be settled" and to "file" the bill within the 30 days. When the trial judge upon appellant's application makes an order of extension it is incumbent upon appellant to see that an order within the jurisdiction of the court is made, or to except to the court's order and petition for a writ of mandamus. Having had opportunity so to protect himself from the erroneous order of the court, and having failed to do so, he is not in the situation of one who has done all that he can do and will suffer an injustice from the action or inaction of the court.

The motion to strike must be sustained, and it is so ordered.

Motion sustained.

WOODROUGH, Circuit Judge (dissenting).

It appears that on November 14, 1935, the appellants, having been found guilty of criminal offenses, were sentenced to serve three years' imprisonment, and on the same day they filed notices of appeal. On November 20, 1935, they applied to the trial judge for an order extending the time within which to settle and file their bills of exceptions and to file their assignments of error, and presented a form of order drawn in conformity with the application. The trial court did not sign the tendered form of order, but on the next day, November 21, 1935, entered his order in which it is recited that it appeared to the court "in the interests of justice, that additional time will be required to properly prepare, settle and file the bill of exceptions and assignments of error." The order reads further:

"Now, Therefore, It Is Hereby Ordered that the time for presenting to the court the proposed Appellants' Bill of Exceptions and Assignments of Error is extended to and including the 14th day of February, 1936.

"It Is Further Ordered, that upon such presentation, a time will be fixed for proposed amendments or objections and for hearing and final settlement of such Bill of Exceptions."

On the day named in the order, February 14, 1936, the District Judge who had tried the case was absent from the district and the appellants appeared before the District Judge then presiding in the district, and presented their proposed bill of exceptions and assignments of error.

The judge then presiding thereupon (February 14, 1936) ordered that appellants' assignments of error be filed with the clerk, but that the proposed bill of exceptions "be forthwith delivered to the United States District Attorney for such objections as he may see fit to make and such amendments as he may desire to propose thereto." At the same time he further ordered that said appellants' proposed bill of exceptions, together with any objections thereto, or any amendments proposed thereto by said United States Attorney, should be presented to the judge who tried the case on or before the 14th day of April, 1936, for hearing and for final settlement of the bill of exceptions.

The bill, together with objections thereto made by the District Attorney, was presented to the judge who tried the case on the day appointed, April 14, 1936, and he took the objections to the bill under advisement for six days, until April 20, 1936. On the 20th of April, 1936, the judge made

an order directing certain amendments to be made in the proposed bill of exceptions, and concluding: "The Court allows ten days from the date of filing of this order within which appellant may make such amendments to the proposed Bill and to present it to the Court with such amendments for the signature and approval of the trial judge."

On April 24, 1936, an order was made and entered approving and settling the bill of exceptions.

The motion on behalf of the government to strike the bill presents that: "Said Bill of Exceptions was not procured to be settled, nor settled, nor filed as provided by Rule 9 of the Rules of the Supreme Court relating to appeals in criminal cases, effective May 7, 1934."

The rule of the Supreme Court referred to has the force of law; Gallagher v. United States (C.C.A.8) 82 F.(2d) 721; Fewox v. United States (C.C.A.) 77 F.(2d) 699; and is as follows: "IX. Bill of Exceptions. In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is·not required in the interest of justice."

A paramount purpose of Supreme Court Rule 9 is to compel appellants in criminal cases to take the steps necessary to procure settlement of their bills of exceptions without delay and to require the trial judge to give no extension of time that is not required in the interest of justice, and to settle bills of exceptions as promptly as possible. The rule does not descend to particulars as to the time within which the appellant must prepare the bill of exceptions, or the time to be allowed the District Attorney to examine and make objections, or for· presentation and rulings on objections, or for the making of amendments and resubmission to the District Attorney and the

court. It deals broadly with the fixing (within 30 days from taking appeal) of a time within which everything shall be done in order that the bill shall be settled and filed with the clerk of the court.

The rule clearly contemplates that in those criminal cases where the bill of exceptions cannot be settled and filed within, 30 days after the taking of the appeal, and where it is made to appear within the 30-day period that the interest of justice requires an extension of time, that the judge before whom the case was tried shall at a time within said 30-day period estimate the time that will be required to take all steps necessary to prepare, present, make, and consider objections to and settle a bill of exceptions. He should then order that the bill be prepared and presented for examination to the District Attorney within a fixed time, and that within a fixed time thereafter the proposed bill should be presented to the court, together with the objections or proposed amendments, if any, and he should fix in his order a time within which the bill must be finally settled and filed with the clerk.

The present bill of exceptions was settled more than five months after the appeal was taken, and there was no order made within 30 days after taking the appeal which fixed such a time as five months as the time within which the appellant should procure the bill to be settled. The bill of exceptions should, therefore, not be considered by this court, but should be stricken. Fewox v. United States (C.C.A.5) 77 F. (2d) 699; Gallagher v. United States (C. C.A.8) 82 F.(2d) 721; Yep v. United States (C.C.A.10) 81 F.(2d) 637; unless, as contended for appellants, exceptional circumstances are presented which require us to sustain the allowance of the bill.

In order to effect the object of expediting criminal appeals, the Supreme Court Rule 9 imposes on the trial judge the duty to settle the bill of exceptions "as promptly as possible" and the obligation on the appellant to "procure [it] to be settled" within a period to be fixed by the judge. It is contended for appellants that they did everything on their part to be done to procure their bill to be settled as promptly as possible, within the contemplation of the rule. The order, timely made within 30 days after appeal taken, required them to present their proposed bill of exceptions to the court on or before February 14, 1936, and they did all that was humanly possible

to that end. That is, they prepared the bill and came into court with it on the day fixed, and, so far as appears, it was prepared in good faith to the best of appellants' ability. The judge who tried the case being absent from the district, the appellants could not then procure it to be settled, and all subsequent delays were upon the orders of the judges.

The order made and signed by the judge who tried the case within 30 days after appeal taken was not technically in the form contemplated by the rule, in that it fixed the time for presentation of the bill to the court, but it did not specify a time within which the bill should be settled and filed with the clerk. It is stated in the order that upon the presentation of the bill a time will be fixed for proposing amendments or objections and for hearing and final settlement of such bill of exceptions. It is to be inferred from these recitals of the order that the judge expected the proposed bill to be of such volume as to require further time beyond the time of presentation in which to settle it, and, if so, he was in error in attempting to reserve the power to make a further extension at the time of presentation; that being beyond the 30 day period. But the judge's order contained the essential finding that "in the interest of justice" additional time would be required to properly prepare, settle, and file the bill, and it did fix a definite time for the appellants to present it to the court.

A showing is made by affidavit of counsel that he read and reread the new rules relative to criminal practice as adopted by the United States Supreme Court and became "somewhat worried" about the judge's use of the word "present" (the bill) instead of "settle"; and 4 days before the expiration of the time fixed for presenting the bill he attempted to communicate with the judge. He was unable to do so because the judge was absent from the district and could not be located. If the judge had been in the district so that counsel could have communicated with him and so that he could have received the bill when presented, his error in the form of his order might have been corrected and the bill might well have been settled and filed within the time fixed for its presentation, obviating all question as to the time of its settlement.

It seems to me that appellants' delay in "procuring the bill to be settled" is fairly attributable to the absence from the district of the judge who tried the case. He was absent not only at the time he had lawfully fixed for the presentation of the bill to the court, but for the days prior thereto when the attorney for the appellants, fully alive to the requirements of rule 9 and attempting to comply therewith, tried to communicate with him. His absence and inaccessibility fully account for the failure of appellants' experienced and diligent lawyer to "procure the bill to be settled" within the additional time which the trial judge lawfully found was "in the interests of justice, required."

I do not agree that the cause of delay in settling the bill ought to be laid to the appellants' failure to mandamus the judge to correct the error in form of his order of November 21, 1935. The judge was perfectly willing and fully cognizant of his power to give the appellants the time required in the interests of justice to procure their bill of exceptions to be settled, and that being so, he ought not to be molested with a suit in mandamus. Nor ought the appellants' right to review in this court be so burdened.

I think that as the appellants were without fault they have brought themselves within the rule frequently recognized by this court: "If the party who prepares and tenders the bill is not at fault, delay that is occasioned by his adversary or by the act of the judge may be excused." Cudahy Packing Co. v. Omaha (C.C.A.) 24 F.(2d) 3, loc. cit. 6, 7; Marion Steam Shovel Co. v. Reeves (C.C.A.) 76 F.(2d) 462.

The bill ought not to be stricken.