## CUSAMANO v. UNITED STATES.
No. 10496.

Circuit Court of Appeals, Eighth Circuit.

Aug. 3, 1936.

George C. Dyer and Henry A. Freytag, both of St. Louis, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

Joe Cusamano was convicted of violations of the internal revenue laws and has prosecuted this appeal to reverse the judgment. His points argued and relied on are that the evidence, consisting of still, mash, and equipment, was obtained by unlawful search and that certain remarks of counsel for the government to the jury amounted to misconduct. But it is presented for the government that the bill of exceptions and assignments of error appearing in the rec-

ord cannot be considered by this court because they were not filed within the time limits fixed by rule 9 of the Rules of the Supreme Court regulating procedure in appeals of criminal cases (28 U.S.C.A. following section 723a).

■ It appears that appellant was convicted on November 14, 1935, was sentenced on November 15, 1935, and thereupon gave notice of intention to appeal to this court; the appeal being docketed here November 16, 1935. On November 16, 1935, the trial court made an order directing the appellant to appear on December 16, 1935, for such directions as may be appropriate with respect to the preparation of the record on appeal, including directions as to the time for the filing of assignments of error and as to the preparation and filing of the bill of exceptions and the settlement of the same by the trial judge. On December 16, 1935, the appellant requested, and the trial court granted, thirty days from that date within which to file the bill of exceptions and assignments of error. On January 15, 1936, a similar order was entered extending the time to January 22, 1936, and on that day appellant's bill of exceptions was approved by the trial judge, and the bill of exceptions, together with the assignments of error, were filed with the clerk.

Rule 9 provides: "Bill of Exceptions. In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

It is apparent from the record that the bill of exceptions in this case was not "procured to be settled" or "filed with the clerk of the court" "within thirty days after the taking of the appeal" or within any further time determined upon and fixed within the thirty-day period by the trial judge. Likewise as to the assignment of errors, they were not filed with the clerk of the court "within the same time"; that is, they were not filed "within thirty days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge."

We had occasion in Wolpa v. United States (C.C.A.8) 84 F.(2d) 829, opinion filed July 20, 1936, to consider the application of rule 9 to a situation analogous to that presented here so far as the bill of exceptions is concerned. In accord with that decision the bill of exceptions herein cannot be considered.

■ It is contended for appellant in a reply brief that even in the absence of a bill of exceptions this court should review the ruling of the trial court upon the motion that was made to quash the search warrant and to suppress evidence. But we must decline to review that ruling, (1) because the record shows that no exception was taken to it at the time, Rodriguez v. United States, 198 U.S. 156, 25 S.Ct. 617, 49 L.Ed. 994; Ghost v. United States (C.C.A.8) 168 F. 841; (2) because the affidavit in support of the search warrant, the search warrant, the motion to suppress, and the ruling on such motion could be made a part of the record for review by this court only by a bill of exceptions, Beach v. United States (C.C.A.9) 35 F.(2d) 837; Ghost v. United States, supra; Dietz v. Lymer (C.C.A.8) 61 F. 792; Chicago Great Western R. Co. v. Le Valley (C.C.A.8) 233 F. 384; Hill v. United States (C.C.A.8) 15 F.(2d) 14; Pistillo v. United States (C.C.A.8) 26 F.(2d) 202; and (3) because the assignments of error were not filed in time as required by Rule 9.

■ Absent either a bill of exceptions or assignments of error, this court may still examine the indictment to ascertain whether the commission of a crime cognizable in the federal courts is alleged. Goldstein v. United States (C.C.A.9) 73 F.(2d) 804.

The indictment in the case at bar charges such offense, and the conviction must be affirmed.