**GODDARD et al. v. UNITED STATES.**

**No. 1383.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 5, 1936.

Max D. Melville, of Denver, Colo. (Edgar C. Jensen, of Salt Lake City, Utah, on the brief), for appellants.

Scott M. Matheson, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and John S. Boyden, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

Appellants were convicted of using the mails in execution of a scheme for obtaining money under false and fraudulent pretenses. 18 U.S.C.A. § 338.

Many errors are assigned to rulings in the course of the trial. These may not be considered for the bill of exceptions was not settled within the time prescribed by Rule 9 of the new rules governing procedure after verdict in criminal cases. 292 U.S. 664 (28 U.S.C.A. following section 723a). That rule requires that bills of exceptions be settled "within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge."

The appeal was taken November 30, 1935. The bill of exceptions was settled February 29, 1936. On December 30, 1935, the time for settling the bill was extended to February 1, 1936. On February 8, 1936, the trial court found that defense counsel intended to ask for an extension until March 1st instead of February 1st, and the court therefore undertook to amend its extension order by substituting March 1st for February 1st. The February 8th order does not purport to correct the record of an order actually made; it does not recite, and it is not suggested, that the court did in fact, on December 30th, grant an extension until March 1st, which was incorrectly recorded on the journal, as was the case in Yep's case on rehearing. Yep v. United States (C.C.A.10) 83 F.(2d) 41. The February 8th order undertook to amend the order of December 30th to conform to what counsel intended to ask for. When the right to file a bill of exceptions has been lost by expiration of time, it cannot be revived by an order purporting to speak retroactively. Slade v. United States (C.C.A.10) 85 F.(2d) 786, involving an identical order; Michigan Ins. Bank v. Eldred, 143 U.S. 293, 12 S.Ct. 450, 36 L.Ed. 162.

The time for settling the bill expired February 1st; since the bill was not filed until February 29th, it is not before us. The quoted rule of the Supreme Court is in clear and unambiguous language; this court and the Eighth Circuit Court of Appeals have held that it means what it says. Yep v. United States (C.C.A.10) 81 F.(2d) 637; Slade v. United States (C.C.A.10) 85 F.(2d) 786; McCorkle v. United States (C.C.A.10), decided by this court without written opinion; Wolpa v. United States (C.C.A.8) 84 F.(2d) 829; Spero v. United States (C.C.A.) 85 F.(2d) 134, certiorari denied 57 S.Ct. 193, 81 L.Ed. ——, Counsel argue that in Michigan Ins. Bank v. Eldred, supra, the rule was laid down that the bill must be settled within the term or within "a further time allowed by order entered at that term"; that nevertheless the rule became settled that further extensions might be made after the term if within earlier extensions. In re Bills of Exceptions (C. C.A.6) 37 F.(2d) 849. But language used in an opinion is directed to the facts there presented, and properly goes no further than the particular case requires. That Eldred's Case did not require decision on the point of an extension within an extension did not prohibit courts later deciding the point. But in enacting rules, courts undertake to meet all situations which may arise; language is used with that end in view, and there is extraordinary precision in the use of words. It is argued that the rule makes for delay, in that trial courts, realizing their power is exhausted when one extension is granted, will grant longer extensions than are necessary in order to avoid a possible injustice. All such arguments should be addressed to the Supreme Court which made the rule. The rule is plain and we are not at liberty to amend it either directly or by tortured interpretation.

Error is assigned to the order overruling a demurrer to the indictment. That assignment arises on the record proper and is before us, but is without substance. The indictment specifically and clearly alleges the use of the mails in execution of a scheme to defraud. The scheme need not be pleaded with technical precision. Weber v. United States (C.C.A.10) 80 F.(2d) 687. It is enough if it fairly advises the defendant of the nature of the scheme, thus affording him a fair opportunity to defend. A casual reading of the indictment makes very clear to us the precise nature of the scheme. Goddard and Slade set up a fake broker's office, offering to advise the credulous as to their investments, and professing their ability to pick winners on the stock market; that the purpose of the elaborate swindle was to unload on the public mining stock on which defendants had an option at five cents a share; that the all too familiar tricks of the trade were used—wash sales to afford a fictitious market price, representations that

reputable mining companies had offered to buy all the stock at one dollar a share, that money was deposited in banks to buy the stock from their clients at one dollar a share, and so on. It seems inconceivable that men who have any money at all could be deceived by such obviously false statements; but court records prove that they are. The scheme is vicious and the suggestion that the indictment does not state a federal offense is not worthy of extended comment. Defendants knew exactly what the charge was and undertook to defend against it; the jury found against them and the trial court properly and promptly approved the verdict.

The judgment is affirmed; the mandate will issue forthwith.