## UNITED STATES v. RAY.*
### No. ——.

Circuit Court of Appeals, Second Circuit.
Dec. 21, 1936.

*Writ of certiorari granted 57 S. Ct. 435, 81 L. Ed. ——.

Walter Brower, Sp. Asst. to the Atty. Gen., for the United States.

Bernard Thompkins, Sp. Atty., Dept. of Justice, of New York City, for the United States.

Reginald P. Ray, in pro. per.

Silberman & Stern (by Richard E. Silberman), all of Newark, N. J., for appellant.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

The appellant was convicted of violations of the mail fraud statute and conspiracy (35 Stat. 1130, 35 Stat. 1096, 18 U.S.C.A. §§ 338, 88), and appeals from the judgment entered. The trial lasted 8 weeks; the testimony comprised about 4,000 pages and there were 500 exhibits received in evidence. The bill of exceptions was not settled and filed within the 30 days allowed by rule 9 of the Rules of Practice and Procedure in Criminal Cases (28 U.S.C.A. following section 723a). An extension was granted by the trial judge up to and including the 1st of November, 1936, which was a Sunday.

The appellant says that financial difficulties made it impossible for him to engage counsel to prepare the record on appeal, and he endeavored to do so personally. He is a member of the bar but not engaged in

944

active practice. In the first week of August, 1936, he received the assistance of two newly admitted members of the New Jersey bar who were to prepare his bill of exceptions, the record on appeal, and the brief of argument. Unsuccessful efforts were made toward an agreement with the prosecutor as to the condensation of the record, and on October 20, 1935, realizing that no condensation of the record could be agreed upon within the time allowed, appellant applied to the trial judge for an order to further extend the time within which to settle and file the bill of exceptions. The trial judge indicated a willingness to do so, but upon investigation it was found that rule 9 of the Criminal Rules gave no power to grant such extension after the 30-day period had elapsed. Yep v. United States, 81 F. (2d) 637 (C.C.A.10); Gallagher v. United States, 82 F.(2d) 721 (C.C.A.8); Wolpa v. United States, 84 F.(2d) 829 (C.C.A.8). Nor does this court have power to grant such extension. United States v. Adamowicz, 82 F.(2d) 288 (C.C.A.2).

■ The appellant contends it was impossible, within the remaining time before November 1, to condense the record or reduce it to narrative form as required by rule 8 (former rule 7) of the Supreme Court Rules (28 U.S.C.A. following section 354). The stenographer's minutes, reduced by striking out some 700 pages of colloquy of counsel, were presented to the trial judge, who on November 2, 1936, settled it as the bill of exceptions.

In its presented form the bill was insufficient, but counsel contends that this court has power to cure this defect under the authority of rule 9, providing: "The appellate court may at any time, on five (5) days' notice, entertain a motion by either party for the correction, amplification, or reduction of the record filed with the appellate court and may issue such directions to the trial court, or trial judge, in relation thereto, as may be appropriate."

The motion to so correct the record was made simultaneously with this motion to dismiss.

■ If the bill of exceptions is sufficient, its settlement on the day after Sunday (November 1, 1936) would be sufficient. Rule 13, Rules of Practice and Procedure in Criminal Cases, 28 U.S.C.A. following section 723a. A bill of exceptions must be settled in accordance with Supreme Court Rule 8 (former rule 7), 28 U.S.C.A. following section 354, which requires that

"only so much of the evidence shall be embraced * * * as may be necessary to present clearly the questions of law involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it be set forth otherwise."

By the assignment of errors, appellant raised the question of an alleged error made below in failing to dismiss for lack of evidence to support the indictment. To examine such alleged error requires an examination of all the evidence, but to comply with rule 8 the evidence must be reduced to narrative. In Barber Asphalt Co. v. Standard Asphalt & Rubber Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318, the court held a cause could be remitted to the District Court by the Circuit Court of Appeals to conform a transcript to Equity Rule 75 (b), 28 U.S.C.A. following section 723. In the appellant's case, however, rule 9 of the Criminal Rules of Practice and Procedure imposes a time limit upon the settlement of the bill of exceptions which cannot be enlarged. If the bill of exceptions were remitted to the trial judge, he would be powerless to correct, amend, or resettle it for the time to do so has expired.

■■ The provision of rule 9, authorizing the Circuit Court of Appeals to entertain a motion by either party for the correction, amplification, or reduction of the record filed with the appellate court or issue directions to the trial court in relation thereto, would not authorize us to do so with reference to the bill of exceptions. We may correct a record so as to properly reflect the proceedings in the District Court by adding papers not certified by the clerk or striking out some which may not be necessary. We may, of course, correct our own record if it is not stated properly.

■ The bill of exceptions, however, is determined and settled by the District Judge alone, and we may not correct or change it. The trial judge can no longer act to put the evidence in narrative form, and we have no power to order him so to do. We have the power to strike out the bill of exceptions for noncompliance with the rule (Allen Gasoline Co. v. Franklin Fire Ins. Co., 65 F.(2d) 609 [C.C.A.9]), whose purpose is to expedite appeals. This appellant had four months and has

offered insufficient excuses for his delinquency. The bill of exceptions was insufficient. Allen Gasoline Co. v. Franklin Fire Ins. Co., supra. See Fraina v. United States, 255 F. 28 (C.C.A.2); McNamara v. Cerf, 4 F.(2d) 997 (C.C.A.2).

The motion to amend the record is denied and the motion to dismiss the appeal is granted.