142

## In re LEE.
### No. 8282.

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1936.

Kenneth C. Charlton, of Chicago, Ill., for petitioner.

Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

This is an application for leave to file a petition for a writ of mandamus to compel the settlement of a bill of exceptions in a criminal case. The petition is lengthy and contains much irrelevant matter, but the following material facts appear without dispute:

A verdict of guilty was returned against petitioner in the Northern District of Georgia, on May 21, 1936, before Judge Barrett of the Southern District of Georgia, sitting by designation. The same day he filed a motion for a new trial. The motion was overruled by Judge Barrett on July 15, 1936, notice of appeal was at once given, and an order was entered on the same day extending the time to October 19, 1936, for the settlement of bills of exception. Judge Barrett was absent from the district from July 15, to October 31, 1936, except that on Labor Day, September 7th, he was in the district but not on official business. The bill of exceptions was filed with the clerk on October 19, 1936, which was within the time allowed for settlement. The United States Attorney filed objections to the allowance of the bill on the ground that the court was without jurisdiction because the bill of exceptions had not been both settled and filed within the extension granted for that purpose, in violation of Rule 9, Rules of Practice and Procedure for Appeals in Criminal Cases, promulgated by the Supreme Court, May 7, 1934 (28 U.S. C.A. following section 723a). On October 31st Judge Barrett entered an order sustaining the objections of the United States Attorney and declining to settle the bill of exceptions.

So far as it applies, Rule 9 provides: "IX. *Bill of Exceptions.* In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

At a conference of all the federal judges in the Fifth Circuit held in April, 1932, the following uniform rules were recommended for adoption:

"Rule No. 1. In all cases a delay of 40 days is granted, regardless of the ending of the trial term, from the day of judgment appealed from is entered or a motion for a new trial is overruled, whichever date is later, for the preparation and presentation of bills of exceptions; provided, said period may be restricted or enlarged by special order of court during said period, in which case this rule shall have no application.

"Rule No. 2. A bill of exceptions will be considered presented if filed with the clerk within the delay allowed, after notice

in writing mailed by the clerk to all opposing parties or their counsel of record. Opposing parties shall have 10 days after the filing within which to lodge with the clerk objections to the settlement of the said bill of exceptions. The clerk shall promptly transmit the bill of exceptions, together with the objections thereto, if any, to the judge for settlement."

These rules were adopted and made effective in the Northern District of Georgia on August 10, 1932. Rule No. 1 no longer applies in criminal cases, but rule No. 2 is not in conflict with the new rules of the Supreme Court.

■ The United States Attorney has appeared in opposition to the allowance of the filing of the petition for mandamus and cites the following authorities in support of his contentions: ·Spero v. U. S. (C.C.A.) 85 F.(2d) 134; White v. U. S. (C.C.A.) 80 F.(2d) 515; Yep v. U. S. (C.C.A.) 81 F. (2d) 637; U. S. v. Adamowicz (C.C.A.) 82 F.(2d) 288; Gallagher v. U. S. (C.C. A.) 82 F.(2d) 721; Wolpa v. U. S. (C.C. A.) 84 F.(2d) 829; Slade v. U. S. (C.C. A.) 85 F.(2d) 786; Cusamano v. U. S. (C.C.A.) 85 F.(2d) 132; Fierman v. U. S. (C.C.A.) 84 F.(2d) 968.

We have no quarrel with the above-cited decisions, but we do not consider that they apply to the facts in this case. In each of them it appears that there was more than one extension, in violation of Rule 9, and in none of them does it appear that there was a local rule regarding the presentation for settlement of bills of exception.

The new rules in criminal cases were adopted to· expedite the hearing and disposition of criminal cases on appeal and have the force of law, but they should not be so narrowly interpreted as to defeat the ends of justice. In construing the new rules, the settled jurisprudence sheds much light on the subject. It has always been the law that a bill of exceptions should be settled within the term, unless the time was extended by an order of the trial judge, entered within the term. Prior to the adoption of the new rules, in the absence of statute or standing rule of court, no limit was placed on the authority of the trial judge to extend the time for presentation and settlement of bills of exception, provided the order was entered within the term or, if additional time were granted, within the extended period. If the bill

were presented to the trial judge in time, delay on the part of the judge in settling the bill would not prejudice the rights of appellant. In some cases, involving extraordinary circumstances, delay beyond the time granted in presenting the bill to the judge has been excused. The subject is learnedly discussed and the authorities exhaustively reviewed in In re Bills of Exception (C.C.A.) 37 F.(2d) 849. We can do no better than to refer to that decision with approval.

If Rule 9, above cited, is to be construed literally, many difficulties in the path of an appellant suggest themselves. If the trial judge grants additional time for the settlement and filing of a bill of exceptions, appellant is entitled to the full time granted. He cannot control the action of the judge whose signature is necessary to authenticate the bill. If he presents it to him personally on the last day, or for that matter, on ·the first day, it is quite possible the judge will not sign and settle it until too late to file within the extended period. In such case, on a literal interpretation of the rule, appellant would be deprived of the benefit of his bill. We do not consider the Supreme Court intended such strictness of construction. The uniform rule adopted in the Fifth Circuit was intended to apply to situations such as here presented where the judge, after granting time for the settlement of the bill of exceptions, would be absent from the district beyond the time allowed. The rule is perfectly fair and tends to promote the administration of justice. We consider the spirit of Rule 9 is satisfied by a timely filing with the clerk under the provisions of the local rule. The bill was then constructively in the hands of the judge and appellant had done all that he could to procure the bill to be settled. More he could not be expected to do in fairness and justice. Cf. U. S. Shipping Board Merchant Fleet Corp. v. Talmadge (C.C.A.) 63 F.(2d) 886; Marion Steam Shovel Co. v. Reeves (C.C.A.) 76 F.(2d) 462.

■ We consider that in the circumstances here shown the trial judge should have settled and signed a bill of exceptions. Mandamus will not issue to ·compel a judge to settle and sign the particular bill of exceptions submitted by an appellant. He has discretion to consider objections made by opposing counsel and to settle and sign such bill of exceptions as in his opinion truly relates what transpired at the trial.

A copy of this opinion will be certified to Judge Barrett for his information. The application for leave to file the petition will be continued for further consideration, if necessary.