## YOUNG v. UNITED STATES.
### No. 1438.

Circuit Court of Appeals, Tenth Circuit.

Feb. 6, 1937.

Guy H. Sigler, of Ardmore, Okl. (P. M. Jackson, of Ardmore, Okl., on the brief), for appellant.

Earl Pruet, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PER CURIAM.

Appellant was convicted and sentenced on nine counts of an indictment charging offenses against the United States.

This appeal was taken on June 5, 1936. The bill of exceptions was settled and filed August 5, 1936.

Rule 9 of the appellate criminal rules (28 U.S.C.A. following section 723a) in part reads:

"The appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely."

The thirty-day period, excluding Sundays and legal holidays (see Rule 13, appellate criminal rules [28 U.S.C.A. following section 723a]), expired July 11, 1936.

The bill of exceptions recited an order made within the thirty-day period extending the time to settle and file the bill of exceptions to August 1, 1936.

The clerk has certified up an order made on July 28, 1936, undertaking to extend the time for settling and filing the bill of exceptions to August 5, 1936.

The last order, not having been made within the thirty-day period, was ineffectual. Yep v. U. S. (C.C.A.10) 81 F. (2d) 637; Slade v. U. S. (C.C.A.10) 85 F. (2d) 786; Goddard v. U. S. (C.C.A.10) 86 F.(2d) 884; Fewox v. U. S. (C.C.A.5) 77 F.(2d) 699; U. S. v. Adamowicz (C.C.A. 2) 82 F.(2d) 288; Spero v. U. S. (C.C.A. 8) 85 F.(2d) 134; Wolpa v. U. S. (C.C.A.8) 84 F.(2d) 829; Cusamano v. U. S. (C.C.A.8) 85 F.(2d) 132.

The bill of exceptions not having been settled and filed within the time required by the rules must be stricken. See cases cited above.

All of the assignments of error are predicated on the bill of exceptions. The bill not being before us, assignments may not be considered.

The judgment is therefore affirmed. Let the mandate issue immediately.