## VERMILLION v. ZERBST.*

No. 8738.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1938.

*Rehearing denied July 12, 1938.

H. H. Smith and W. A. Schuberth, both of Cincinnati, Ohio, for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey T. Tisinger and J. Ellis Mundy, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus and remanding appellant to the custody of appellee.

Appellant was convicted in the Eastern District of Kentucky on three counts of a sixteen-count indictment charging violations of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and was sentenced to serve concurrently five years imprisonment on each count. Complaint is made that he was induced to sign a statement written out by an agent of the Federal Bureau of Investigation, on a promise of immunity, which had the effect of making him immune from prosecution and of divesting the court of jurisdiction; that, by virtue of his incarceration under the conviction, he was prevented from filing his motion for a new trial and petition for appeal within the time allowed by the rules;

348

and that, therefore, he is deprived of his liberty without due process of law.

 The authorities relied upon for the first proposition relate to statutes for the remission of forfeitures in seizures for in-rem enforcement of penalties. They have no application to criminal prosecutions. A promise of immunity by an investigative officer may render evidence thus obtained inadmissible, but it does not divest the court of jurisdiction. Its admissibility is an issue to be raised on the trial, and the ruling of the court is reviewable on appeal, but not by habeas corpus. In re Watkins, 3 Pet. 193, 7 L.Ed. 650; Ex parte Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274; Toy Toy v. Hopkins, 212 U.S. 542, 29 S.Ct. 416, 53 L.Ed. 644; In re Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 185; Knewel v. Egan, 268 U.S. 442, 45 S. Ct. 522, 69 L.Ed. 1036; Morgan v. Sylvester, 8 Cir., 231 F. 886; Aderhold v. Hugart, 5 Cir., 67 F.2d 247.

As to the denial of a new trial and appeal, it will be noted that appellant complains of no violation of the rules. His complaint is that they were enforced. No conflict between the rules and any constitutional provision is pointed out, and we know of none. See Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Mookini v. United States, 58 S.Ct. 543, 82 L.Ed. —; Fewox v. United States, 5 Cir., 77 F.2d 699; Gallagher v. United States, 8 Cir., 82 F.2d 721; Wolpa v. United States, 8 Cir., 84 F.2d 829; Flowers v. United States, 8 Cir., 86 F.2d 79; Goddard v. United States, 10 Cir., 86 F.2d 884; Wainer v. United States, 7 Cir., 87 F.2d 77; In re Lee, 5 Cir., 87 F.2d 142.

We find no error in the record, and the judgment of the district court is affirmed.